**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO NEGRETE RODRIGUEZ, | Case No. 1:26-cv-00815-KES-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | (ECF No. 3) |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has moved for appointment of counsel. (ECF No. 3.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because Petitioner "has a strong chance of success on the merits," "the complexity of the law on immigration detention," and

1

because "Petitioner's status as a detained immigrant" makes presenting the case difficult without the assistance of counsel. (ECF No. 3 at 2.)

Upon review of the petition and the instant motion, the Court finds that Petitioner appears to have a sufficient grasp of the claims and the legal issues involved and that Petitioner is able to articulate those claims adequately. The Court finds that the interests of justice do not require the appointment of counsel at the present time. If, upon review of Respondent's response to the petition, the Court finds that the legal issues are more complex than they appear currently, the Court will revisit Petitioner's request for counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 3, 2026**          /s/ _Erica P. Grosjean_

                                   UNITED STATES MAGISTRATE JUDGE

2